UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-61800-CIV-MORENO/SIMONTON

SANOFI-AVENTIS and
SANOFI-AVENTIS U.S. LLC,

    Plaintiffs,

vs.

APOTEX INC. and
APOTEX CORP.,

    Defendants.
_____/

## ANSWER OF APOTEX INC. AND APOTEX CORP. TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, Apotex Inc. and Apotex Corp., Answer the Complaint of Plaintiffs, Sanofi-Aventis and Sanofi-Aventis U.S. LLC (collectively "Sanofi") as follows:

### Parties

1.    Plaintiff sanofi-aventis is a corporation organized and existing under the laws of France, having its principal place of business at 174 avenue de France, Paris, France 75013.

**ANSWER:**    Apotex, Inc. and Apotex Corp. lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 1 of the Complaint, and on that basis deny such averments.

2.    Plaintiff sanofi-aventis U.S. is a limited liability company organized and existing under the laws of Delaware with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

1618932.1

**ANSWER:** Apotex, Inc. and Apotex Corp. lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 2 of the Complaint, and on that basis deny such averments.

3. Upon information and belief, Defendant Apotex Inc. is a company organized and existing under the laws of Canada with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9. Upon information and belief, Apotex Inc. is a wholly owned subsidiary of Apotex Pharmaceutical Holdings Inc., which is in turn a wholly-owned subsidiary of Apotex Holdings Inc. Upon information and belief, Defendant Apotex Inc. manufacturers numerous generic drugs for sale and use throughout the United States, including in this judicial district.

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that Apotex, Inc. is a company organized and existing under the laws of Canada with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9; that Apotex, Inc. is a wholly owned subsidiary of Apotex Pharmaceutical Holdings, Inc. and that Apotex, Inc. manufacturers numerous drugs that are sold and used in this judicial district. Apotex, Inc. and Apotex Corp. deny that Apotex Pharmaceutical Holdings, Inc. is a wholly-owned subsidiary of Apotex Holdings, Inc. Apotex, Inc. and Apotex Corp. lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 3 with respect to whether its products are sold and used "throughout the United States", and on that basis deny such averments.

4. Upon information and belief, Defendant Apotex Corp. is a corporation organized and existing under the laws of Delaware with a place of business at 2400 North Commerce Parkway, Weston, Florida 33326. Upon information and belief, Apotex Corp. is a wholly-owned subsidiary of Apotex Holdings Inc.

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that Apotex Corp. is a corporation organized and existing under the laws of Delaware with a place of business at 2400 North Commerce Parkway, Weston, Florida 33326, but deny that Apotex Corp. is a wholly-owned subsidiary of Apotex Holdings Inc.

1618932.1

### Nature of the Action

5.  This is a civil action for the infringement of United States Patent No. 4,661,491 ("the '491 patent") (Exhibit A). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that Plaintiffs' Complaint purports to bring this action for the alleged infringement of United States Patent No. 4,661,491 ("the '491 patent") and that a copy of the '491 patent appears to be attached to the Complaint as Exhibit A. Apotex, Inc. and Apotex Corp. also admits that Plaintiffs purport to bring this action based on the Patent Laws of the United States, 35 U.S.C. §1 et seq.

### Jurisdiction and Venue

6.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that this Court has subject matter jurisdiction over the subject matter of this action.

7.  This Court has personal jurisdiction over each of the Defendants by virtue of the fact that, *inter alia*, each Defendant has committed, or aided, abetted, contributed to and/or participated in the commission of, the tortuous action of patent infringement that has led to foreseeable harm and injury to a company, Plaintiff Sanofi-Aventis U.S., which manufacturers numerous drugs for sale and use throughout the United States, including in this judicial district. This Court has personal jurisdiction over each of the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such jurisdiction is challenged.

**ANSWER:** Apotex Corp. admits that this Court has personal jurisdiction over it in this District for the purposes of this action. For purposes of this action, Apotex, Inc. does not contest the Court's personal jurisdiction over it. Apotex, Inc. and Apotex Corp. deny the averments against them to the extent they assert Apotex, Inc. and Apotex Corp. committed or aided, abetted, contributed to and/or participated in the commission of the referenced acts of patent infringement or that Plaintiff Sanofi-Aventis U.S. has been injured or otherwise harmed through

3

1618932.1

any alleged tortious acts of Defendants. As to the remaining averments, Apotex, Inc. and Apotex Corp. lack knowledge or information sufficient to form a belief as to their truth or falsity and on that basis deny such averments.

8. This Court has personal jurisdiction over Defendant Apotex Inc. by virtue of, *inter alia*: (1) its presence in Florida through its sister corporation and agent Apotex Corp.; and (2) its systematic and continuous contacts with Florida, including through its sister corporation and agent Apotex Corp.

**ANSWER:** For purposes of this action, Apotex, Inc. does not contest the Court's jurisdiction over it, but denies the alleged basis for personal jurisdiction asserted in this paragraph, including that Apotex Corp. is Apotex, Inc.'s "sister corporation and agent."

9. This Court has personal jurisdiction over Apotex Corp. By virtue of the fact that, *inter alia*, Apotex Inc. is a Florida corporation.

**ANSWER:** Apotex Corp. does not contest the Court's jurisdiction over it in this action, but denies that Apotex Inc. is a Florida corporation. Apotex Corp. does have its principal place of business in Florida at 2400 North Commerce Parkway, Weston, Florida 33326.

10. Venue is proper in this judicial district as to each defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that venue is proper in this judicial district.

### The '491 Patent

11. On April 28, 1987, the '491 patent, titled "Alfuzosine Compositions and Use," was duly and legally issued by the United States Patent and Trademark Office ("PTO"). Plaintiff sanofi-aventis is the current assignee of the '491 patent. Plaintiff sanofi-aventis U.S. holds New Drug Application ("NDA") No. 21-287 on Uroxatral® brand alfuzosin hydrochloride extended release tablets, and is the exclusive distributor of Uroxatral® in the United States. The '491 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Uroxatral®.

4

1618932.1

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that the '491 patent issued on April 28, 1987, but deny that this patent was duly and legally issued. Apotex, Inc. and Apotex Corp. admit that this patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Uroxatral® and that Sanofi-Aventis U.S. is listed as the Applicant for NDA No. 21-287. Apotex, Inc. and Apotex Corp. are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining averments of Paragraph 11 of the Complaint, and on that basis deny such averments.

<u>**Acts Giving Rise to this Action**</u>
<u>**Infringement of the '491 Patent by Defendants**</u>

12. Upon information and belief, Apotex Inc. submitted Abbreviated New Drug Application ("ANDA") 79-013 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). That ANDA seeks FDA approval for the commercial manufacture, use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet. ANDA 79-013 specifically seeks FDA approval to market a proposed generic version of sanofi-aventis' Uroxatral® brand alfuzosin hydrochloride 10 mg tablet product prior to the expiration of the '491 patent.

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that Apotex, Inc. filed its ANDA No. 79-013 with the FDA seeking approval for generic Alfuzosin Hydrochloride Extended-release Tablets in 10mg strength. Defendants admit that Apotex, Inc. seeks FDA approval to market the proposed product identified in its ANDA prior to the expiration of the '491 patent. The remaining averments of this paragraph are denied.

13. Apotex Inc. alleged in ANDA 79-013 under § 505(j) (2) (A) (vii) (IV) of the Federal Food, Drug and Cosmetic Act that the claims of the '491 patent are invalid. Plaintiffs received written notification of the § 505(j) (2) (A) (vii) (IV) allegation related to the '491 patent in ANDA 79-013 on or about October 25, 2007.

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that Apotex, Inc. provided Plaintiffs with notice of its ANDA No. 79-013, that such notice satisfied all statutory and regulatory

5

requirements and that Plaintiffs received notice on or about October 25, 2007. The remaining averments of this paragraph are denied.

14. Apotex Inc.'s submission of ANDA 79-013 to the FDA, including the § 505(j) (2) (A) (vii) (IV) allegations, constitutes infringement of the '491 patent under 35 U.S.C. § 271(e) (2) (A). Apotex Inc.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:** Apotex, Inc. and Apotex Corp. deny the averments in Paragraph 14 of the Complaint.

15. Apotex Corp. is jointly and severally liable for Apotex Inc.'s infringement of the '491 patent. Upon information and belief, Apotex Corp. participated in, contributed to, aided, abetted and/or induced Apotex Inc.'s submission of ANDA 79-013 and its § 505(j)(2)(A)(vii)(IV) allegation to the FDA.

**ANSWER:** Apotex, Inc. and Apotex Corp. deny the averments in Paragraph 15 of the Complaint.

16. Apotex Corp.'s participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA 79-013 and its § 505(j) (2) (A) (vii) (IV) allegations to the FDA constitutes infringement of the '491 patent under 35 U.S.C. § 271(e) (2) (A). Moreover, Apotex Corp.'s commercial use, offer for sale or sale of its proposed generic version of sanofi-aventis' Uroxatral® brand product would infringe the '491 patent.

**ANSWER:** Apotex, Inc. and Apotex Corp. deny the averments in Paragraph 16 of the Complaint.

17. This is an exceptional case under 35 U.S.C. § 285 because Defendants were aware of the existence of the '491 patent at the time of the submission of ANDA 79-013 and their § 505(j) (2) (A) (vii) (IV) allegations to the FDA and that filing constituted infringement of the '491 patent.

**ANSWER:** Apotex, Inc. and Apotex Corp. deny the averments in Paragraph 17 of the Complaint. Further, this allegation has no basis in fact or law and unless it is withdrawn, Defendants will seek sanctions under Rule 11 of the Federal Rules of Civil Procedure.

1618932.1

18. Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this court. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** Apotex, Inc. and Apotex Corp. deny the averments in Paragraph 18 of the Complaint.

19. Plaintiffs have sought to enjoin Defendant Apotex Inc.'s and Defendant Apotex Corp.'s infringing activities in an action filed by Plaintiffs in the District of Delaware on December 7, 2007 Civil action No. 07-792 and will seek to have that action coordinated or consolidated with an action brought to enjoin acts of infringement of the '491 patent by numerous defendants filed by Plaintiffs in the District of Delaware on September 21, 2007, Civil Action No. 07-572 GMS (MPT). Defendant Apotex Inc. and Defendant Apotex Corp. are properly subject to personal jurisdiction in the District of Delaware and judicial economy would be promoted by all of Plaintiffs' claims for infringement of the '491 patent being addressed in the District of Delaware. Upon information and belief, Plaintiffs understand that Defendants may nevertheless contest jurisdiction in that venue. Given the possible consequences if Defendants succeeded with such unjustified action, Plaintiffs had no choice but to file this Complaint. In the event that Defendants are unsuccessful in any such challenge, Plaintiffs will dismiss this action.

**ANSWER:** Apotex, Inc. and Apotex Corp. admit that Plaintiffs filed an action against them in the District of Delaware. Apotex, Inc. and Apotex Corp. are without sufficient knowledge or information to form a belief as to the truth or falsity of the averments concerning Plaintiffs' intentions, knowledge or beliefs, and on that basis deny such averments. Apotex, Inc. and Apotex Corp. deny that Apotex, Inc. is subject to personal jurisdiction in the Delaware action and deny that judicial economy would be promoted by proceeding with the Delaware action as opposed to this action.

## GENERAL DENIAL

Any allegation in Plaintiffs' Complaint not expressly admitted by Defendants are hereby denied. Having answered Plaintiffs' Complaint, Defendants deny that Plaintiffs are entitled to the relief requested in Plaintiffs' Prayer for Relief or any relief whatsoever.

7

1618932.1

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer to the Complaint, and without admitting any allegations of the Complaint not otherwise admitted, Defendants assert the following affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

The manufacture, use, sale, offer for sale or importation into the United States of the product that is the subject of Apotex Inc.'s ANDA No. 79-013 has not infringed, does not infringe, and would not, if marketed, infringe one or more of the claims of the '491 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '491 patent are invalid for failure to satisfy one or more of the conditions for patentability contained in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim on which relief can be granted. Defendants reserve their right to assert any and all additional defenses and counterclaims that discovery may reveal.

## COUNTERCLAIMS

Apotex Inc. and Apotex Corp., (collectively "counterplaintiffs") for their Counterclaims against Sanofi-Aventis ("Sanofi-Aventis") and Sanofi-Aventis U.S. LLC ("Sanofi-Aventis U.S.") (the counter-defendants will be referred to herein collectively as "Sanofi"), allege as follows:

1618932.1

## The Parties

1. Apotex Inc. is a Canadian corporation having a place of business at 150 Signet Drive, Ontario, Canada M9L 1 T9.

2. Apotex Corp. is a Delaware corporation having a place of business at 2400 North Commerce Parkway, Suite 400, Weston Florida 33326.

3. Sanofi-Aventis U.S. has alleged that it is a limited liability company organized and existing under the laws of Delaware with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

4. Sanofi-Aventis has alleged that it is a corporation organized and existing under the laws of France, having its principal place of business at 174 avenue de France, Paris, France 75013.

## Jurisdiction and Venue

5. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §301 *et seq.*, as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at 21 U.S.C. § 355) (hereinafter "Hatch-Waxman Amendments"), and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub.L. No. 108-173, 117 Stat. 2066 (2003) (hereinafter "MMA").

6. The Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

7. The Court has personal jurisdiction over Sanofi because Sanofi has availed themselves to the rights and privileges of this forum by suing counterplaintiffs in this District

9

1618932.1

and because Apotex Corp. conducts substantial business in and has regular systematic contacts with this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400 (b).

**Patents-in-Suit**

9. On or about April 28, 1987, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 4,661,491 ("the '491 patent"), entitled "AFLUZOSINE COMPOSITIONS AND USE" to Francois Regnier.

10. Sanofi-Aventis purports to own and to have the right to enforce the '491 patent.

11. On or about November 21, 2000, the PTO issued U.S. Patent No. 6,149,940 ("the '940 patent") entitled "TABLET WITH CONTROLLED RELEASE OF AFLUZOSINE CHLORHYDRATE" to Lauretta Maggi, Ubaldo Conte, Busto Arisizio, Pascal Grenier, Guy Vergnault, Alain Dufour, Francois Xavier Jarreau and Clemence Rauch-Desanti.

12. Sanofi-Aventis purports to own an interest in '940 patent and on information and belief has an exclusive license and the right to unilaterally bring and proceed with lawsuits to enforce the '940 patent in its own name.

13. Sanofi-Aventis U.S. is identified as the owner of New Drug Application No. 21-287 on Uroxatral brand alfuzosin hydrochloride extended release tablets. The '491 patent and the '940 patent are listed in the Orange Book for Uroxatral.

14. Sanofi has attempted to enforce the '940 patent against multiple other ANDA filers seeking FDA approval for alfuzosin hydrochloride extended release tablets.

15. Apotex has submitted an abbreviated new drug application (ANDA) No. 70-013 to the FDA. Apotex Inc.'s ANDA seeks FDA approval for the commercial use, offer for sale and sale of generic extended release tablets containing 10 mg of alfuzosin hydrochloride per tablet.

10

1618932.1

16. Pursuant to 21 U.S.C. § 355(j) (2) (B) (ii) and 21 C.F.R. § 314.95, Apotex has certified to Sanofi that the '491 patent and the '940 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use of sale of the new drug for which ANDA 70-013 is submitted.

17. On or about August 14, 2007, Apotex, Inc. served Sanofi with a Paragraph IV certification letter informing Sanofi of its ANDA to obtain approval to engage in the commercial manufacture, use or sale of its alfuzosin hydrochloride extended release tablets before the expiration of the '940 patent.

18. On or about October 15, 2007, Apotex, Inc. served Sanofi with a Paragraph IV certification letter informing Sanofi of its ANDA to obtain approval to engage in the commercial manufacture, use or sale of its alfuzosin hydrochloride extended release tablets before the expiration of the '491 patent.

19. On or about December 10, 2007, Sanofi sued Apotex Inc and Apotex Corp in this District alleging infringement of the '491 patent under 35 U.S.C. § 271 (e)(2)(A).

20. Counterplaintiffs have a reasonable apprehension of being sued by Sanofi for alleged infringement of the '940 patent because, *inter alia*, Apotex, Inc. has served Sanofi with its Paragraph IV certification letter asserting that the '940 patent was not infringed, Sanofi has sued more than ten other ANDA holders seeking to market alfuzosin hydrochloride extended release tablets for alleged infringement of the '940 patent, and Sanofi already has sued counterplaintiffs for infringement of the '491 patent in this court.

21. As a result of Sanofi's actions in listing of the '491 and '940 patents in the Orange Book and in suing counterplaintiffs for infringement of the '491 patent, counterplaintiffs are presently prevented from selling alfuzosin hydrochloride extended release tablets and are being

1618932.1

injured as a result. Counterplaintiffs seek patent certainty with respect to the '491 and '940 patents and certainty regarding the legal rights relating to Apotex, Inc.'s ANDA through a judicial declaration that the '491 and '940 patents are not infringed by the alfuzosin hydrochloride extended release tablets identified in Apotex, Inc.'s ANDA, or that the patents are invalid.

22. A real, actual, and justiciable controversy exists between counterplaintiffs and Sanofi regarding the invalidity of the '491 and '940 patents and counterplaintiffs' non-infringement thereof, constituting a case of actual controversy within the jurisdiction of this Court under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

## COUNT I
### (Declaration of Non-Infringement of the '491 Patent)

23. Counterplaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-22.

24. The manufacture, use, sale, offer for sale or importation into the United States of the alfuzosin hydrochloride extended release tablets, 10 mg, that are the subject of Apotex Inc.'s ANDA No. 79-013 have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the '491 patent.

25. Counterplaintiffs are entitled to a declaration that the manufacture, use, sale, offer for sale or importation into the United States of the alfuzosin hydrochloride extended release tablets, 10 mg, that are the subject of Apotex Inc.'s ANDA No. 79-013 have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the '491 patent.

1618932.1

## COUNT II
### (Declaration of Invalidity of the '491 Patent)

26. Counterplaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-25.

27. The claims of the '491 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

28. Counterplaintiffs are entitled to a declaration that the claims of the '491 patent are invalid.

## COUNT III
### (Declaration of Non-infringement of the '940 Patent)

29. Counterplaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-28.

30. The manufacture, use, sale, offer for sale or importation into the United States of the alfuzosin hydrochloride extended release tablets, 10 mg, that are the subject of Apotex Inc.'s ANDA No. 79-013 have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the '940 patent.

31. Counterplaintiffs are entitled to a declaration that the manufacture, use, sale, offer for sale or importation into the United States of the alfuzosin hydrochloride extended release tablets, 10 mg, that are the subject of Apotex Inc.'s ANDA No. 79-013 have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the '940 patent.

## COUNT IV
### (Declaration of Invalidity of the '940 Patent)

32. Counterplaintiffs reallege and incorporate by reference the allegations of Paragraphs 1-31.

1618932.1

33. The claims of the '940 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

34. Counterplaintiffs are entitled to a declaration that the claims of the '940 patent are invalid.

**REQUEST FOR RELIEF**

WHEREFORE, Defendants Apotex Inc. and Apotex Corp. respectfully request that this Court enter a Judgment and Order in its favor and against Plaintiffs Sanofi-Aventis and Sanofi-Aventis US as follows:

(a) Declaring that the manufacture, use, sale, offer for sale or importation into the United States of the alfuzosin hydrochloride extended release tablets, 10 mg, that are the subject of Apotex Inc.'s ANDA No. 79-013 have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the '491 patent;

(b) Declaring that the claims of the '491 patent are invalid;

(c) Declaring that the manufacture, use, or sale of the alfuzosin hydrochloride extended release tablets, 10 mg, that are the subject of Apotex Inc.'s ANDA No. 79-013 have not infringed, do not infringe, and would not, if marketed, infringe any valid or enforceable claim of the '940 patent;

(d) Declaring that the claims of the '940 patent are invalid;

(e) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding counterplaintiffs their attorneys' fees, costs, and expenses in this action; and

(f) Awarding counterplaintiffs any further and additional relief as the Court deems just and proper.

14

1618932.1

## DEMAND FOR JURY TRIAL

Apotex, Inc. and Apotex Corp. demand trial by jury for all issues triable by jury as a matter of right.

| | | |
|---|---|---|
| DATED: | December 28, 2007<br>Miami, FL | Respectfully submitted,<br><br>*s/.    Stephen J. Bronis*<br>Stephen J. Bronis<br>sbronis@zuckerman.com<br>Fla. Bar No. 145970<br>Jennifer Coberly<br>jcoberly@zuckerman.com<br>Fla. Bar No. 930466<br>**ZUCKERMAN SPAEDER LLP**<br>201 South Biscayne Blvd., Suite 900<br>Miami, FL 33131<br>Tel: 305-358-5000<br>Fax: 305-579-9749<br><br>and<br><br>*s/.    Robert B. Breisblatt*<br>Robert B. Breisblatt<br>rbreisblatt@welshkatz.com<br>Fla. Bar No. 145928<br>Steven E. Feldman<br>Sherry L. Rollo<br>**WELSH & KATZ, LTD.**<br>120 South Riverside Plaza<br>Chicago, IL 60606<br>Tel: 312-655-1500<br>Fax: 312-655-1501<br><br>*Attorneys for Apotex Corp. and Apotex, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing served by mail on December 28, 2007 on all counsel of record on the attached service list.

>  *s/.  Jennifer Coberly*
>  Jennifer Coberly

1618932.1

SERVICE LIST
Case No. 07-61800-CIV-MORENO/SIMONTON

Alfred John Saikali
e-mail: asaikali@shb.com
Shook Hardy & Bacon
201 South Biscayne Blvd., Suite 2400
Miami, FL 33131
Tel: 305-358-5171
Fax: 305-358-7470
*Attorneys for Plaintiffs,*
*Sanofi-Aventis and Sanofi-Aventis, U.S. LLC*

1618932.1